# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY FEDIMORE,)
)
Plaintiff,)
)
v.) Civ. No. 08-46 Erie
) Magistrate Judge Baxter
Dr. PETER LONGSTREET, and)
DEPUTY SUPERINTENDENT)
NANCY A. GIROUX,)
)
Defendants.)

## ORDER

A hearing on Plaintiff's Motion for an Emergency Hearing was held on April 1, 2008, before Magistrate Judge Susan Paradise Baxter. The Magistrate Judge issued an oral recommendation during the hearing followed by a Text Report and Recommendation entered on the docket on April 1, 2008 (along with a transcript of the oral order, doc. 25). The Magistrate Judge interpreted the motion for emergency hearing as a motion for a Temporary restraining order and/or a preliminary injunction and recommended that the motion be denied. The parties were allowed ten (10) days to file any objections. Plaintiff served his Objections to Magistrate's Report and Recommendation (Doc. 32) on April 9, 2008.

We have reviewed Plaintiff's objections. We see no error in the Magistrate Judge's recommendation that Plaintiff's motion be denied. She properly concluded that Plaintiff is unable to show irreparable injury and a likelihood of success on the merits so as to warrant the extraordinary remedy of a preliminary injunction or temporary restraining order.

Plaintiff's objection that he was not given enough advance notice to allow him to prepare for the hearing does not address the substance of the Magistrate Judge's recommendation. At best, Plaintiff's objection is a complaint that he was denied due process. as such, this objection must fail. Plaintiff characterized his request for relief as a motion for an *emergency hearing*. It is disingenuous of Plaintiff to now complain that he was not given enough advance notice for the hearing he requested be held on an emergency basis. Second, an actual hearing on Plaintiff's motion was held at which Plaintiff was able to participate. Finally, Plaintiff was not deprived of a right without notice and a hearing. Plaintiff does not deny that he is receiving medical care, he instead objects to the type of care he is receiving.

Plaintiff also objects to Dr. Longstreet's testimony at the hearing. Accepting Plaintiff's allegations about his dosage amounts and his changed behavior due to reduced dosages does not change the Magistrate Judge's determination that an injunction and/or temporary restraining order is not warranted. Plaintiff's allegations clarify his disagreement with the treatment he is receiving, but it does not establish that he is likely to succeed on the merits, nor does it establish that he is being irreparably harmed.

After *de novo* review of the documents in the case, together with the report and recommendation and Plaintiff's Objections to Magistrate's Report and Recommendation, the following Order is entered:

AND NOW, to-wit, this __27__ day of May, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Emergency Hearing, construed as a

2

Motion for Temporary Restraining Order and/or Preliminary Injunction be and hereby is DENIED. The report and recommendation of Magistrate Judge Baxter dated April 1, 2008, is adopted as the Opinion of this Court.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:  Anthony Fedimore
AS-2073
SCI Albion
10745 Route 18
Albion, PA 16475-0002

counsel of record