IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FEDIMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-46 Erie |
| ) | Magistrate Judge Baxter |
| Dr. PETER LONGSTREET, and ) | |
| DEPUTY SUPERINTENDENT ) | |
| NANCY A. GIROUX , ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff Anthony Fedimore has filed a Motion to Vacate Order Pursuant to Rule 59(e) (Doc. 43), requesting that we vacate our Order dated May 12, 2008 denying his appeal of the Magistrate Judge's Order denying his motion to appoint an expert.

Federal Rule of Civil Procedure 59(e) is entitled **Motion to Alter or Amend a Judgment**, however no judgment has been entered in this case. We therefore construe Plaintiff's motion as a motion for reconsideration of our May 12, 2008 Order.

A district court will reconsider an issue "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995). "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D.Pa. Nov 04, 2003)(citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp.

1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D.Pa. 2002) (citing Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.), affirmed, 31 F.3d 1175 (3d Cir.1994)).

Plaintiff appears to be seeking reconsideration based on the need to correct a clear error, although he has failed to specify an error other than expressing his dissatisfaction with our Order. Therefore we will deny Plaintiff's motion for reconsideration. Aan appropriate Order will be entered.

The bulk of Plaintiff's motion concerns his desire to gain access to his medical records so that the Court will have accurate evidence on which to resolve the parties' "dispute . . . between diagnosis and treatment." (Plaintiff's Motion to Vacate, at 4.) As part of his argument he assumes that a determination has been made that his relevant medical records will never be reviewed by the Court. This assumption is premature. This litigation is at an early stage. No defendant has filed an answer to the complaint yet. One defendant has filed a motion to dismiss the complaint and the other defendant only recently entered an appearance.

We note that Plaintiff makes specific reference to a prior case before the Court, DeFranco v. Wolfe, Civ. No. 04-230 Erie. In that regard, we note there are certain similarities between Plaintiff's approach to prosecuting his lawsuit and Mr. DeFranco's approach in his own lawsuit. In both cases, plaintiffs engage in a rapid-fire filing of pleadings that only serve to delay the case. Both Plaintiffs also seek to have a preliminary injunction or temporary restraining order issued by the Court based solely on their own allegations without regard to the actual legal standards that must be met before imposing either of these extraordinary

2

measures. We can only hope that Mr. Fedimore will learn from the long delay in Mr. DeFranco's case, caused primarily by Mr. DeFranco himself. We are not optimistic. Already Plaintiff has filed the following pleadings requesting action by the Court.

| 1  | Doc. 8  | MOTION to Appoint Counsel |
|----|---------|---------------------------|
| 2  | Doc. 12 | MOTION in Limine |
| 3  | Doc. 13 | MOTION for In Camera Review by the court of Mental Health records |
| 4  | Doc. 14 | MOTION for Emergency Hearing |
| 5  | Doc. 20 | REQUEST for Defendant Longstreet to admit to items listed in this letter |
| 6  | Doc. 26 | MOTION to Appoint Expert |
| 7  | Doc. 30 | MOTION for a copy of the transcript |
| 8  | Doc. 34 | MOTION to Compel Discovery |
| 9  | Doc. 35 | MOTION for Leave to Submit Limited Interrogatories to Non-Parties Ms. Anderson and Ms. DePlatchett |
| 10 | Doc. 38 | MOTION for Preliminary Injunction |
| 11 | Doc. 39 | MOTION to Compel Testimony |

As in Mr. DeFranco's case, nearly all of the above are premature requests for discovery. Summary denial of obviously meritless and duplicative motions is appropriate.

We note that in Plaintiff's most recent motion seeking a preliminary injunction or temporary restraining order he alleges that his treating physician has been ordered by Administration Officials of the Albion State Correctional Institute not to adjust Plaintiff's medication even if it is medically necessary. This is similar to the kinds of hearsay

3

allegations Mr. DeFranco made in his lawsuit, that ultimately proved to be, at best, a mischaracterization or misunderstanding of what someone said. A hearing is scheduled to be held on this motion today.

We find it highly unlikely that non-medical personnel would order medical personnel to refrain from providing medically necessary treatment to an inmate who has filed a lawsuit alleging that the prison has been deliberately indifferent to his serious medical needs. We would find it unremarkable if prison officials recommended to medical personnel that they should not continue to decrease Mr. Fedimore's medication because he filed a lawsuit alleging that the decreasing dosage is violating his Constitutional rights. The limited information we have from the pleadings indicates that the medical opinion of Plaintiff's treating physicians is that Plaintiff's medication should be reduced with an ultimate goal of weaning him off the medication altogether. Thus, it seems plausible that a physician might have been told not to continue with the treatment of decreasing Plaintiff's dosage even if the physician's medical opinion is that the medication should be decreased.

We understand that Plaintiff's allegation is the opposite of the above. He hopes to prove that his physician has been ordered by non-medical officials to not increase his medication even if the doctor thinks an increase is medically necessary. We believe it is highly unlikely that such an order was given, however, that is why a hearing is necessary. Of course, Plaintiff will have to produce corroborating evidence for his allegation, other than his own hearsay testimony, that such an order has actually been given.

4

AND NOW, to-wit, this ___27th___ day of May, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Vacate Order Pursuant to Rule 59(e) (Doc. 43), construed as a Motion for Reconsideration, be and hereby is DENIED.

                                                  s/ Maurice B. Cohill, Jr.
                                                  Maurice B. Cohill, Jr.
                                                  Senior United States District Judge

cc:    Anthony Fedimore
        AS-2073
        SCI Albion
        10745 Route 18
        Albion, PA 16475-0002

        counsel of record