IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY FEDIMORE, )
    Plaintiff, )
)    C.A. No. 08-46 Erie
vs. )    District Judge Cohill
)    Magistrate Judge Baxter
DR. PETER LONGSTREET, et al., )
    Defendants. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Document # 38] be denied.

### II.    REPORT

Plaintiff Anthony Fedimore, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), brings a civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Peter Longstreet, a psychiatrist under contract to provide mental health services to inmates at SCI-Albion, and Nancy A. Giroux, Deputy Superintendent at SCI-Albion. Plaintiff claims that Defendants have violated his rights under the eighth amendment to the United States Constitution by reducing his dosage of the prescription drug Klonopin, with the ultimate goal of discontinuing the drug, which he had been taking for depression and anxiety-related disorders for approximately twenty years. As relief for his claims, Plaintiff seeks monetary damages and injunctive relief, in the form of an order requiring that he be continued on Klonopin and that he be treated by a psychiatrist other than Dr. Longstreet.

On May 13, 2008, Plaintiff filed a motion for preliminary injunction and temporary restraining order [Document # 38], claiming that he was informed by his current treating

psychiatrist, Dr. Sean Soo,[1] that Dr. Soo was "ordered and directed by the administration of SCI-Albion [to refrain] from making any adjustments to the dosage of the medication prescribed to Plaintiff even if medically necessary and that this order was a direct result of Plaintiff's grievances and this action." (Document # 38 at p. 1). Plaintiff claims that this alleged order was "an act of retaliation against Plaintiff for the filing of this action which is constitutionally protected activity," and that, by making such an order, the Defendants "are intentionally delaying Plaintiff's access to the optimum of care from Dr. Soo which exhibits deliberate indifference." (Id. at pp. 1-2). As a result, Plaintiff seeks an order restraining Defendants from directing Dr. Soo's treatment of Plaintiff, including any adjustment in the dosage of Plaintiff's medication that Dr. Soo may deem necessary. (Id. at p. 2).

On May 27, 2008, this Court conducted a telephone hearing on Plaintiff's motion for preliminary injunction, which was attended by, among others, Drs. Longstreet and Soo. During this hearing, Plaintiff complained that the decreased dosage of Klonopin was causing him to suffer twitches, tremors, paranoia, and aggression toward other inmates and staff; however, Dr. Longstreet responded that Plaintiff had never exhibited any of these symptoms in a clinical setting. Both Drs. Longstreet and Soo explained that Plaintiff's Klonopin dosage was decreased to lower the risk of liver damage the medication could cause due to Plaintiff's Hepatitis C condition. In addition, the doctors expressed concern about Plaintiff's history of drug addiction, noting that Klonopin was an addictive drug. In this regard, they opined that Plaintiff's complaints are likely symptoms of withdrawal from the higher dosage of Klonopin Plaintiff was used to taking. Dr. Soo also assured the Court that his agreement with Dr. Longstreet's plan to decrease the dosage of Klonopin resulted from his own independent medical judgment, not from any order or direction he may have received from SCI-Albion's administration.

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d

---

[1] Like Dr. Longstreet, Dr. Soo is also under contract to provide psychiatric care to inmates at SCI-Albion.

Cir.1994) (citations omitted). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989). In fact, the Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury..." Acireno, 40 F.3d at 655 (citation omitted).

In this case, Plaintiff has failed to show that he has or will suffer immediate irreparable injury if he is continued on the decreased dosage of Klonopin. In fact, in light of the testimony elicited from Drs. Longstreet and Soo, it is more likely that Plaintiff will suffer irreparable harm

to his liver if the dosage is increased.

Furthermore, Plaintiff has failed to demonstrate a likelihood of success on the merits to warrant the issuance of a preliminary injunction. First, with regard to the medical decision to decrease Plaintiff's dosage of Klonopin, it must be noted that "courts will not 'second-guess the propriety or adequacy of a particular course of treatment [which] remains a question of sound professional judgment.'" Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987), quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)). A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims as there are typically several acceptable ways to treat an illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). Accord Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983).

Second, in order to state a prima facie case of retaliation, Plaintiff must demonstrate:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.[2]

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Following the satisfaction of a prima facie case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if Plaintiff were not engaging in the constitutionally

---

[2] In analyzing the third element of the retaliation test, the court must determine whether there is a causal connection between the exercise of the constitutional rights and the adverse actions. "A suggestive temporal proximity between the protected activity and an alleged retaliatory act may be sufficient to meet the causal link requirement of the prima facia case." Allah v. Al-Hafeez, 208 F.Supp.2d at 535, citing Rauser, 241 F.3d at 330 and Johnson v. Rendell, 56 F.Supp.2d 547, 552 (E.D. Pa. 1999).

4

protected activities.  Carter, 292 F.3d at 158.

  Here, Plaintiff has failed to demonstrate that his filing of this action was a substantial or motivating factor in the decision to decrease his dosage of Klonopin.  Contrary to Plaintiff's assertion that Dr. Soo was prohibited by SCI-Albion's administration from adjusting the dosage of Klonopin, Dr. Soo has assured this Court that he exercised his independent judgment in agreeing to maintain the decreased dosage.  Moreover, even if Plaintiff could meet his burden of proving a prima facie case of retaliation, the testimony of Drs. Longstreet and Soo demonstrates that they would have made the same decision to decrease Plaintiff's dosage of Klonopin due to their expressed concerns about Plaintiff's liver and his history of drug addiction.  Thus, Plaintiff cannot demonstrate a likelihood of success with regard to his claims to warrant the extraordinary relief he seeks.

## III. CONCLUSION

  For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction and temporary restraining order [Document # 38] be denied.

  In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.  See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        Chief United States Magistrate Judge

cc:  The Honorable Maurice B. Cohill
   United States District Judge