IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FEDIMORE,<br>          Plaintiff<br><br>          v.<br><br>DR. PETER LONGSTREET,<br>          Defendant. | C.A. 08-46 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss [Document # 15], be denied.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On February 13, 2008, Plaintiff Anthony Fedimore, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), originally filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Dr. Peter Longstreet ("Longstreet") and Nancy A. Giroux, Deputy Superintendent at SCI-Albion ("Giroux"). [Document # 6]. Plaintiff has since voluntarily dismissed Defendant Giroux from this case, leaving Defendant Longstreet as the sole Defendant. (See Document # 57).

In his *pro se* Complaint, Plaintiff alleges that he has "an extensive history of treatment for psychiatric conditions dating back more than 25 years," and that "the only medication that has had any success in the management of [his] conditions and their symptoms is 'Klonopin.'" (Document # 6 at Section IV.C and p. 4). Plaintiff states that he has been on "Klonopin" for more than 20 years, and that, during such time, "several doctors have tried to take [him] off 'Klonopin' with disastrous results each time." (Id.). In particular, Plaintiff claims that, each time he was taken off "Klonopin," he "became aggressive, paranoid and violent and was a clear

danger to himself and others." (Id.). As a result, each doctor who had previously take him off "Klonopin" reinstated the medication, thus causing him to return "to a manageable mental state." (Id.). Plaintiff notes that, prior to his transfer to SCI-Albion, a psychiatrist at SCI-Fayette, "as recently as August 2007 noted very specifically that Plaintiff needed to remain on 'Klonopin.'" (Id.).

On or about February 1, 2008, Plaintiff was informed by Defendant Longstreet that his dosage of "Klonopin" was going to be reduced incrementally, and ultimately discontinued, due to Plaintiff's drug history and Hepatitis C condition. (Id. at p. 5). Plaintiff alleges that he informed Defendant Longstreet that previous efforts to discontinue his use of "Klonopin" resulted in "severe consequences to [his] mental state," and that "every doctor that has treated him prior to Defendant Longstreet has opined that Plaintiff must remain on "Klonopin" for therapeutic reasons." (Id.). Yet, Plaintiff avers that Defendant Longstreet disregarded these concerns and began to decrease Plaintiff's "Klonopin" intake. As a result, Plaintiff claims that "his symptoms are worsening at an alarmingly fast pace," as he "is becoming increasingly paranoid and unable to think clearly" and "is having anxiety and panic attacks and is become [sic] aggressive and delusional." (Id. at pp. 5-6).

Based on the foregoing, Plaintiff claims that Defendant Longstreet's "decision to stop the "Klonopin" constitutes the unnecessary and wanton infliction of pain meeting the standard of deliberate indifference," and that Defendant Longstreet's "actions in light of Plaintiff's psychiatric history constitutes a conscious indifference making him liable in a civil rights action." (Id. at p. 8). In particular, Plaintiff avers that he "has made [Defendant Longstreet] aware that when he is not taking "Klonopin" he has a documented history of becoming severely delusional, violent, paranoid, suicidal and assaultive toward others" and that Defendant Longstreet has "chosen to ignore this obvious and serious danger...." (Id. at p. 9). As a result of these claims, Plaintiff seeks monetary damages and declaratory and injunctive relief, in the form of an order requiring the continuation/reinstatement of "Klonopin" and treatment by a psychiatrist other than Defendant Longstreet.

Defendant Longstreet has filed a motion to dismiss [Document # 15], asserting that

2

Plaintiff has failed to exhaust his administrative remedies, and in any event, has failed to state a claim upon which relief may be granted. Plaintiff has filed a response [Document # 22] and a supplemental response [Document # 24] to Defendant's motion denying that he has failed to exhaust his claims and reaffirming the allegations of his complaint. This matter is now ripe for consideration.

### B. Standard of Review
#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief

3

above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion

#### 1. Exhaustion

##### a. Exhaustion Requirement of the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under
> section 1983 of this title ... by a prisoner confined in any jail, prisons, or
> other correctional facility *until such administrative remedies as are*

4

>           *available are exhausted.*

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[1] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-2388 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with

---

[1] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

5

particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

Here, Defendant bases his entire exhaustion defense upon his assertion that "[Plaintiff's] Complaint fails to state that he had exhausted his available administrative remedies prior to the filing of the Complaint," as "Plaintiff alleges only that he '[f]iled [a] formal grievance after first trying to resolve it through requests to staff members,' and that there was 'no resolution of [the] problem.'" (Document # 16, Defendant's Brief, at unnumbered p. 11). However, Defendant cannot simply rely upon his interpretation of Plaintiff's allegations regarding the steps Plaintiff may or may not have taken to resolve his administrative grievances, as Plaintiff is not required to plead exhaustion with particularity. Kertes, 285 F.3d at 297. Instead, it is the burden of a defendant asserting the exhaustion defense to plead and prove it. Id. This the Defendant has failed to do. Accordingly, Defendant's motion to dismiss the complaint based upon Plaintiff's alleged failure to exhaust administrative remedies must be denied.

### 2. Eighth Amendment Claim

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[2] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional

---

[2] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

6

refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). "[M]ere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110. Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977).

In this case, Defendant correctly notes that Plaintiff "must allege that [Defendant] knew that his conduct presented a substantial risk of causing the Plaintiff serious harm, and acted anyway." (Document # 16, Defendant's Brief, at unnumbered p. 6). Defendant then proceeds to argue that "[t]here are no allegations from which it may be inferred that [Defendant] acted with the subjective knowledge that his alleged actions presented a substantial risk of harm to the Plaintiff." (Id.). To the contrary, this is precisely what Plaintiff has alleged. In particular, Plaintiff has essentially alleged that: (i) he has a long history of psychiatric problems for which he has been treated with "Klonopin" for more than twenty years; (ii) various doctors previously attempted to discontinue his use of "Klonopin," which caused Plaintiff to suffer "disastrous results," including aggressive and violent behavior, paranoia, suicidal ideation, and psychotic episodes, the onset of which ultimately caused each of the doctors to resume the medication;

7

(iii) Plaintiff related this history to Defendant; (iv) Defendant disregarded this medical history and decreased the dosage of "Klonopin" anyway; and (v) Plaintiff has suffered serious mental health symptoms as a result. These allegations, which this Court must accept as true at this stage of the proceedings, are sufficient to state an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs. As a result, Defendant's motion to dismiss the complaint, based upon Plaintiff's alleged failure to state a claim upon which relief may be granted, should be denied.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 15], should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: September 30, 2008

cc:    The Honorable Maurice B. Cohill
       United States District Judge