IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FEDIMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-46 Erie |
| ) | Magistrate Judge Baxter |
| Dr. PETER LONGSTREET, and ) | |
| DEPUTY SUPERINTENDENT ) | |
| NANCY A. GIROUX , ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge filed a Report and Recommendation (Doc. 61), dated October 1, 2008, in which she recommended that Defendant Dr. Peter Longstreet's Motion for to Dismiss (Doc. 15) be denied. Defendant Longstreet filed an objections (Doc. 62) to the report and Recommendation, along with a Brief in Support (Doc. 63). Defendant Longstreet objects that the Magistrate Judge erred in denying his motion to dismiss Plaintiff's Eight Amendment deliberate indifference claim.

We have reviewed Defendant Longstreet's objections, and see no error in the Magistrate Judge's recommendation that Defendant's motion be denied. The Magistrate Judge recommended denial of the motion to dismiss because Plaintiff's Complaint states a valid claim.

Defendant's objection is essentially a reassertion of his prior argument. He continues to assert that Plaintiff has failed to state a claim because Plaintiff has only plead a disagreement as to the course of treatment. The primary allegation in this regard is that Plaintiff alleged that he told Dr. Longstreet he suffered such serious health consequences when he was taken off of his medication in the past that the doctors involved had to resume the medication. Dr. Longstreet construes this allegation to mean that Plaintiff is merely conjecturing that given the knowledge of Plaintiff's prior experience, Dr. Longstreet should have concluded that Plaintiff would again suffer serious health consequences if he removed Plaintiff's medication. We agree with the Magistrate Judge that Plaintiff's Complaint, construed in his favor, alleges that Defendant Longstreet knew that serious health consequences had resulted in the past when Plaintiff was taken of f his medication, that Dr, Longstreet disregarded this history, and Plaintiff suffered serious health consequences as a result.

Ultimately it may be that this is a mere disagreement over treatment, indeed this seems likely. However, at this stage of the proceedings we must accept as true all allegations of the Complaint and view all reasonable inferences in a light most favorable to Plaintiff. Here, Plaintiff has set forth enough facts to state a claim to relief that is plausible on its face. That being said, a plausibly stated claim does not establish that Plaintiff will succeed on the merits. We will therefore summarily deny Plaintiff's Motion for Partial Summary Judgment (Doc. 64), in which he seeks judgment as a matter of law against Dr. Longstreet based solely on the fact that the Magistrate Judge recommended denial of Dr. Longstreet's motion to dismiss.

After *de novo* review of the documents in the case, together with the report and recommendation and Defendant's Objections to the Report and Recommendation, following Order is entered:

AND NOW, to-wit, this 12th day of February, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss (Doc. 15) be and hereby is DENIED. The Report and Recommendation of Magistrate Judge Baxter dated October 1, 2008, is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (Doc. 64) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Anthony Fedimore
AS-2073
SCI Albion
10745 Route 18
Albion, PA 16475-0002

counsel of record

3